EAST BATON ROUGE PARISH  C-702310
Filed Dec 03, 2020 3:57 PM       24
Deputy Clerk of Court

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

BOB DEAN ENTERPRISES, INC. AND BR      NUMBER: **C-702310**
FLORIDA STREET PROPERTY, LLC
                                        DIVISION: " **24** "
VERSUS

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY

### PETITION FOR BREACH OF CONTRACT, DAMAGES, PENALTIES, AND DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs herein, Bob Dean Enterprises, Inc., a Louisiana corporation authorized to do and doing business in the State of Louisiana, and BR Florida Street Property, LLC, a Louisiana limited liability company authorized to do and doing business in the State of Louisiana, which appear herein jointly as insureds under the applicable Westchester Surplus Lines Insurance Company commercial property insurance policy to assert as follows:

### PARTIES

1.

Plaintiffs herein are Bob Dean Enterprises, Inc. (hereinafter "Dean"), a Louisiana corporation authorized to do and doing business in the State of Louisiana; and BR Florida Street Property, LLC, (hereinafter "BR Florida Street"), a Louisiana limited liability company authorized to do and doing business in the State of Louisiana. At all relevant times, Dean and BR Florida Street's headquarters were located in Baton Rouge, Louisiana.

2.

Made Defendant herein is Westchester Surplus Lines Insurance Company (hereinafter "Westchester"), a foreign insurer and a Georgia corporation authorized to do and doing business in the State of Louisiana, with its principal place of business being located in the State of Pennsylvania, and which may be served through R. Kyle Ardoin, Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

2454872v.1

**EXHIBIT 1**



Certified True and Correct Copy
CertID: 20201207002240

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2020 9:49 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

## VENUE AND JURISDICTION

3.

Venue is proper in this Court under the provisions of LA C.C.P. arts. 42, 76 and 76.1 as Plaintiffs' claims against Defendant arise out of contracts which were entered into in East Baton Rouge Parish, State of Louisiana. Furthermore, the named insured's domicile and the insured premises at issue in these proceedings are both located in East Baton Rouge Parish. All damages were also sustained in East Baton Rouge Parish.

## FACTUAL BACKGROUND

4.

At all relevant times, BR Florida Street has been the owner of an eight (8) story office building located at 10225 Florida Boulevard, Baton Rouge, Louisiana. The property was designed by renowned architect, A. Hays Town, and consists of approximately 100,000 square feet of office space. BR Florida Street is an affiliate of Bob Dean Enterprises, Inc., and the entities are commonly owned.

5.

At all relevant times, the building has been well maintained and kept in good condition.

6.

Dean and BR Florida Street were previously insureds pursuant to a commercial property insurance policy issued by Westchester. The initial policy term was effective from August 21, 2019 through June 15, 2020 and was denoted as policy no. D38053619004. The policy covered numerous properties owned by Dean and its affiliates (including the property located at 10225 Florida Boulevard) and provided broad form property damage coverage, covering risks including but not limited to, theft, vandalism, and water damage resulting therefrom.

7.

With the policy, Westchester issued a vacancy permit endorsement with respect to the 10225 Florida Boulevard property thereby eliminating any exclusions which would pertain to the vacancy of the building.

2454872v.1

- 2 -


Certified True and Correct Copy
CertID: 20201207002401

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2020 9:49 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

8.

Dean and BR Florida Street at all times and in a timely manner, paid their premiums due in connection with the policy. At all times relevant to these proceedings Plaintiffs were in good standing with Westchester and the policy was in full force and effect.

9.

On January 16, 2020, representatives of Dean discovered that one or more individuals had unlawfully entered the building through force on one or more occasions and methodically removed wiring, pipe, conduit, and other building materials throughout all eight (8) floors of the building as well as the roof top penthouse. In addition, the individuals generally stripped the building of anything of value, including HVAC, electrical, plumbing, and elevator components of the building. The incident was timely reported to the Baton Rouge Police Department.

10.

The electrical, HVAC, plumbing, and elevator components of the building were largely destroyed and require complete replacement.

11.

Additionally, the building contains an internal roof drainage system which consists of four (4) separate drains contained within four (4) structural columns. At some point in January 2020, the individuals destroyed the columns and removed the drainage pipe.

12.

As a result of the destruction of the columns and the removal of the drainage pipe, water accumulating on the roof entered the interior floors of the building. Catastrophic water damage resulted.

13.

Additionally, ceiling insulation and floor tiles containing asbestos were installed throughout the building as part of the original construction. As a result of the water intrusion, the asbestos has contaminated much of the building. The interior of the building is a total loss and will require extensive remediation and reconstruction.

14.

The policy specifies policy limits of Ten Million Dollars ($10,000,000) per loss event and also includes various sub-limits for particular sub-sets of damages, many of which are impacted

- 3 -

2454872v.1


Certified True and Correct Copy
CertID: 2020120700240

Hope Michelli
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2020 9:49 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

by the claims at issue. Specifically, the policy provides that the loss amount will not exceed the lesser of the following:

   a.   The cost to repair;

   b.   The cost to rebuild or replace on the same site with new materials of like, size, kind and quality;

\* \* \* \* \* \*

   e.   If not repaired, replaced, or rebuilt on the same or another site within two years from the date of loss at Actual Cash Value.

Actual Cash Value is further defined in the policy as "the amount it would cost to repair or replace Covered Property, on the date of loss, with material of like kind and quality, with proper deduction for obsolescence and economic and physical depreciation."

15.

With the assistance of its broker, Arthur J. Gallagher, Dean submitted a claim to Westchester, on or about January 20, 2020. Thereafter, Westchester inspected the property through various independent adjusters, including Executive Adjuster, Patrick Blankenship. Chubb North American Claims has assisted Westchester in the adjustment of the claim and has at all times acted as an authorized representative and agent of Westchester. Chubb Senior Claim Director, Michael Griffin, forwarded letters dated March 11, 2020 and March 13, 2020 acknowledging the claim and indicating that an investigation was underway. On or about April 16, 2020, Dean received a check in the amount of $500,000.00 for "The Building Advanced Claim" from Westchester.

16.

Upon information and belief, beginning in February 2020, Westchester/Chubb retained the services of various consultants, contractors and design professionals to assess the damages and the extent thereof and to provide appropriate estimates.

17.

Among the construction consultants hired was JS Held, a large international construction consulting firm. JS Held was hired to conduct a thorough analysis of the damage and to provide an opinion regarding the value of the repairs. Representatives of JS Held thoroughly inspected the property on April 20, 2020 and advised that a detailed estimate would be forthcoming within two

- 4 -

2454872v.1


Certified True and Correct Copy
CertID: 20201207000240

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2020 9:49 AM

(2) weeks. On numerous occasions, Dean has requested copies of the estimates. At no time have the estimates or reports been produced.

18.

In addition, upon information and belief, Westchester/Chubb sought estimates from disaster remediation firms and at least one electrical contractor. Despite numerous requests for copies of the estimates, nothing has been produced. However, Dean has obtained copies of the estimates commissioned by Westchester/Chubb which estimate water remediation costs of $1,750,000.00 and electrical repair costs of $3,432,700.00. Plaintiffs allege that Westchester/Chubb has purposely withheld the estimates in an intentional effort to mislead Plaintiffs and misrepresent the scope of the damages and ultimately the amounts due under the terms of the policy.

19.

Westchester/Chubb ultimately retained the services of Caldarera Consulting Group (hereinafter "Caldarera"), and on May 29, 2020, a report from Caldarera was forwarded which provided an estimate with a deduction of depreciation of fifty percent (50%) and a further analysis of the actual value of the property which had no basis in the policy at issue and is irrelevant to the proper adjustment of the claim. Caldarera concluded that the Actual Cash Value was no more than $2,510,709.19 and thereafter, Westchester/Chubb has relied upon this recommendation in adjusting the claim. At no time after the issuance of the May 29, 2020 report has any representative of Westchester/Chubb visited the insured premises.

20.

Thereafter, Dean took it upon itself to hire its own Louisiana licensed contractors to determine the cost to remediate the extensive damage. On September 24, 2020, Dean forwarded a demand letter to Westchester/Chubb enclosing more than 300 photographs of the damage and a copy of an estimate from Charles Carter Construction Company, Inc. in the amount of $16,429,822.50 along with a quote from Otis Elevator in the amount of $996,000. The demand letter included a demand for payment of the entire policy limits of $10,000,000 less the deductible and $500,000 advance.


Certified True and Correct Copy
CertID: 2020120700240

*Hope Michelli*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2020 9:49 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

21.

Upon receipt of the demand, on September 25, 2020, Dean received an additional check in the amount of $2,337,047.35. No explanation was provided to Dean as to the methodology utilized in determining the amount of the payment.

22.

In response to the September 24, 2020 demand letter, on October 23, 2020, Michael Griffin of Westchester's parent company, Chubb, forwarded correspondence raising additional policy defenses.

23.

On October 27, 2020, more than thirty (30) days after delivery of the September 24, 2020 demand and proof of loss, Patrick Blankenship, an independent adjuster hired by Westchester/Chubb, forwarded a letter with 47 requests for information, including requests for voluminous documents which were already provided and documented in the Caldarera reports.

24.

It is important to note that at no time after the original inspection of the property by Westchester representatives has Chubb returned to the property to further evaluate the property and the damage sustained thereto.

25.

Chubb has delivered two separate payments in the amounts of $500,000.00 and $2,337,047.35. As previously stated, Westchester/Chubb has declined to inform Dean of how the amounts of the payments were derived.

26.

The quote from the estimate provided by Charles Carter Construction Company is in the amount of Sixteen Million, Four Hundred Twenty Nine Thousand, Eight Hundred Twenty-two and 50/100 Dollars ($16,429,822.50). In addition, the quote from Otis Elevator is Nine Hundred Ninety-Six Thousand and no/100 Dollars ($996,000.00). As documented by the estimates prepared by Louisiana licensed contractors, the damages sustained to the property far exceed the

2454872v.1



Certified True and Correct Copy
CertID: 2020120700240
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date:
12/7/2020 9:49 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Ten Million ($10,000,000) Dollar policy limits even if substantial deductions are made for obsolescence and economic and physical depreciation.

27.

Despite the estimates, no additional sums have been provided to Plaintiffs under the terms of the policy.

### CAUSE OF ACTION I - BREACH OF CONTRACT

28.

Plaintiffs reassert, re-aver and reiterate the allegations of Paragraphs 1 through 27 as if same were set forth herein *in extenso*.

29.

The Westchester policy described above provides coverage for damage sustained to the insured premises as a result of theft, vandalism and other natural occurrences.

30.

In January 2020, the Florida Street property sustained extensive damage as a result of theft, and/or vandalism and extensive water damage occurring as a natural result of the theft and/or vandalism.

31.

Dean timely reported the damage and fully has cooperated with Westchester by granting unlimited access to the insured premises and providing extensive documentation pertaining to the building and the damages sustained.

32.

On September 24, 2020, Dean provided proof of loss which consisted of more than 300 catalogued photographs of the damage and detailed construction estimates establishing repair costs of $17,425,822.50 (including the Otis Elevator estimate). This information was in addition to the information obtained by Westchester adjusters and which is listed in the Caldarera reports.

33.

The proof of loss established that the cost to remediate the damages sustained and amounts payable under the terms of the policy far exceeds the policy limits.


Certified True and Correct Copy
CertID: 20201207000240

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2020 9:49 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

34.

To date, Westchester has failed to pay the policy limits and in fact has only tendered two payments totaling $2,837,047.35.

35.

In failing to tender the policy limits, Westchester is in breach of the terms of the applicable insurance policy, and Dean is entitled to all damages resulting therefrom.

36.

In addition, Westchester's actions in concealing estimates regarding the damage and relying upon a Caldarera report setting forth findings which have no basis in the terms of the policy represents a bad faith breach of contract on the part of Westchester pursuant to Louisiana Civil Code art. 1997. Therefore, Dean is entitled to all damages, foreseeable or not, resulting therefrom.

### CAUSE OF ACTION II – DECLARATORY JUDGMENT

37.

Plaintiffs reassert, re-aver and reiterate the allegations of Paragraphs 1 through 36 as if same were set forth herein *in extenso*.

38.

Plaintiffs are entitled to a declaratory judgment declaring that the amounts due Plaintiffs under the terms of the applicable policy equal or exceed the policy limits, less amounts previously paid and the applicable deductible.

39.

Plaintiffs are similarly entitled to a declaratory judgment declaring that satisfactory proof of loss has been provided to Westchester, and Westchester has failed to pay Dean amounts due under the terms of the policy within 30 days of providing satisfactory proof of loss.

### CAUSE OF ACTION III – BAD FAITH CLAIMS AND PENALTIES

40.

Plaintiffs reassert, re-aver, and reiterate the allegations of Paragraphs 1 through 39 as if same were set forth herein *in extenso*.

- 8 -

2454872v.1


Certified True and Correct Copy
CertID: 2020120700240

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2020 9:49 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

41.

Insurers in the State of Louisiana owe their insureds a duty of good faith and fair dealing. In addition, insurers have an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured.

42.

LSA R.S. 22:1893 provides that "all insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest." 22:1893 further provides: "Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively . . . shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs.

43.

LSA R.S. 22:1973 provides: "An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach." 22:1973 further provides in part: Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:

(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

\* \* \* \* \* \* \*

- 9 -

2454872v.1


Certified True and Correct Copy
CertID: 2020120700240

East Baton Rouge Parish
Deputy Clerk of Court
Hope Michelli

Generated Date:
12/7/2020 9:49 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

(6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

44.

LSA R.S. 22:1973(c) further provides: "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater."

45.

Plaintiffs show that the actions of Westchester have been committed in bad faith and represent a bad faith breach of the applicable insurance contracts. Furthermore, Westchester, has breached its duty of good faith and fair dealing and has failed to adjust claims fairly and promptly and to make a reasonable effort to settle claims with Dean and BR Florida Street.

46.

Specifically, Defendant has breached its duties as an insurer and acted in bad faith in the following respects:

a) Failing to timely perform an adequate inspection of the premises after the initial proof of loss was received on January 20, 2020;

b) Failing to timely assign the matter to the appropriate level of adjusters given the complexity and size of the loss;

c) Failing to disclose to Dean/BR Florida Street the nature of contractors and consultants hired to evaluate the claims and damages sustained;

d) Failing to produce reports and estimates prepared by such consultants and contractors;

e) Relying upon the Caldarera Report with knowledge that the report failed to take into account reports and estimates which document damages and costs far exceeding amounts set forth in the Caldarera Report;

f) Relying upon the Caldarera Report with knowledge that the report misstates the damages and remediation costs;

- 10 -

2454872v.1



Certified True and Correct Copy
CertID: 2020120700240

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2020 9:49 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

g) Relying upon the Caldarera Report with knowledge that the report misrepresents the terms of the policy;

h) Relying upon the Caldarera Report with knowledge that the report is incomplete with respect to documents reviewed, including other reports and estimates commissioned by Westchester which far exceed and contradict the estimates set forth in the Caldarera Report;

i) Failing to tender payment of amounts due under the terms of the policy within 30 days of receipt of the initial proof of loss on January 20, 2020;

j) Failing to tender payment of amounts due under the terms of the policy within 30 days of receipt of additional evidence of proof of loss obtained by Westchester from February through September 2020;

k) Failing to tender payment of amounts due under the terms of the policy within 30 days of receipt of the proof of loss submission on September 24, 2020;

l) Failing to tender payment of amounts due under the terms of the policy within 60 days of receipt of the initial proof of loss on January 20, 2020 as such failure was arbitrary, capricious or without probable cause;

m) Failing to tender payment of amounts due under the terms of the policy within 60 days of receipt of additional evidence of proof of loss obtained by Westchester from February through September 2020 as such failure was arbitrary, capricious or without probable cause;

n) Failing to tender payment of amounts due under the terms of the policy within 60 days of receipt of the proof of loss submission on September 24, 2020 as such failure was arbitrary, capricious or without probable cause;

o) Generally misrepresenting the pertinent facts surrounding the claims, including the existence of reports and estimates commissioned by Westchester which document remediation costs and amounts due under the terms of the policy which far exceed the amounts tendered and the amounts recommended in the Caldarera Report;

p) Failing to pay or denying claims based upon policy provisions which are null and void pursuant to LSA R.S. 22:1893, including requiring Dean to establish that various exclusions do not apply and which such actions were arbitrary, capricious and without probable cause; and

- 11 -

2454872v.1


Certified True and Correct Copy
CertID: 2020120700240

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2020 9:49 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

q)   All other acts of bad faith and unfair dealing which may be established at the trial of this matter.

47.

In addition to the foregoing, in rendering payments totaling only $2,837,047.35, Defendant has not provided an explanation of the methodology in determining the amounts paid but upon information and belief has relied exclusively on a report rendered by one of its hired consultants, Caldarera, and has refused to consider estimates obtained by others and which demonstrate that damages far exceed the policy limits taking into account depreciation.

48.

At the same time, Defendant has failed to disclose and consider its own estimates, including from an electrical subcontractor whose estimate exceeds $3,420,000.

49.

The foregoing represent bad faith and a breach of Westchester's duties in violation LSA R.S. 22:1973(B)(1),(5), and (6) and as such, pursuant to LSA R.S. 22:1973 (C), Plaintiffs are entitled to an award of attorney's fees and costs incurred in connection with these proceedings and penalties in an amount of two (2) times the amounts due under the terms of the policy, which Plaintiff contends is the remaining balance of the policy limits, or $7,152,952.65 for total penalties due under 22:1973 in the amount of $14,305,905.30.

50.

In addition, in failing to tender amounts due under the policy within thirty (30) days of receipt of a satisfactory proof of loss and such failure being arbitrary, capricious and without probable cause, Defendant, Westchester is liable to Plaintiffs for all damages, attorney's fees, costs, and additional penalties consisting of 50% of the amounts owed under the terms of the policy, or an additional $3,576,476.32 in penalties as provided for in LSA R.S. 22:1892.

### DAMAGES

51.

In addition to the foregoing, Plaintiffs are entitled to an award of $7,152,952.65 representing the amounts due under the terms of the policy and all additional damages resulting from the breach of the applicable policy and LSA R.S. 22:1892 and 22:1973.

- 12 -

2454872v.1


Certified True and Correct Copy
CertID: 2020120700240

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2020 9:49 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

52.

Plaintiffs are also entitled to an award of all attorney's fees and litigation costs incurred in connection with the claims in these proceeding.

### PRAYER FOR TRIAL BY JURY

53.

Plaintiffs pray for trial by jury as to all matters so triable.

WHEREFORE, Plaintiffs, Bob Dean Enterprises, Inc. and BR Florida Street Property, LLC, pray that Westchester Surplus Lines Insurance Company be duly served with Citation and that after all due delays and legal proceedings are had, that a judgment be rendered in favor of Plaintiffs, Bob Dean Enterprises, Inc. and BR Florida Street Property, LLC and against, Defendant, Westchester Surplus Lines Insurance Company, declaring that satisfactory proof of loss has been provided and Plaintiffs are entitled to the full limits of the policy and further awarding Plaintiffs the sum of $7,152,952.65, in addition to penalties pursuant to LSA R.S. 22:1892 and 22:1973, additional damages due to the bad faith breach of the insurance contract and all attorney's fees and costs incurred and interest thereon from the earliest date due until said judgment is paid in full, as well as all costs of these proceedings and for all other general and equitable relief allowable by law.

Respectfully submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By _____
John T. Andrishok, Bar # 24942
Colin T. Peak, Bar #38368
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone:  (225) 387-3221
Facsimile:   (225) 346-8049
**Attorneys for Bob Dean Enterprises, Inc. and BR Florida Street Property, LLC**

PLEASE SERVE:

WESTCHESTER SURPLUS LINES INSURANCE COMPANY
Through
Louisiana Secretary of State
R. Kyle Ardoin
8585 Archives Avenue
Baton Rouge, Louisiana 70809.

- 13 -

2454872v.1



Certified True and Correct Copy
CertID: 20201207002040

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2020 9:49 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

EAST BATON ROUGE PARISH  C-702310
Filed Dec 03, 2020 3:57 PM      24
Deputy Clerk of Court

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

BOB DEAN ENTERPRISES, INC. AND BR  NUMBER: _____
FLORIDA STREET PROPERTY, LLC
                                    DIVISION: "_____"
VERSUS

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY

### REQUEST FOR NOTICE

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Bob Dean Enterprises, Inc. and BR Florida Street Property, LLC, who, pursuant to Article 1572 of the Louisiana Code of Civil Procedure, hereby requests that written notice be provided of the date that this matter is set for trial, and of the date that any pleadings and/or motions is/are set for hearing, at least ten days prior to any trial and/or hearing date.

In addition, pursuant to Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, Plaintiffs, Bob Dean Enterprises, Inc. and BR Florida Street Property, LLC, through undersigned counsel, requests that it be provided with written notice of the signing of any final judgment or the rendition of any interlocutory order or judgment in the above numbered and entitled cause.

Respectfully submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS
L.L.P.

By _____
John T. Andrishok, Bar # 24942
Colin P. Peak, Bar #38368
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone:  (225) 387-3221
Facsimile:  (225) 346-8049

**Attorneys for Bob Dean Enterprises, Inc. and
BR Florida Street Property, LLC**

2455306v.1



Certified True and
Correct Copy
CertID: 2020120700249

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2020 9:49 AM

RETURN COPY

D5478284

# CITATION

BOB DEAN ENTERPRISES, INC AND BR
FLORIDA STREET PROPERTY, LLC
(Plaintiff)

NUMBER C-702310   SEC. 24

VS

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY
(Defendant)

STATE OF LOUISIANA

TO:   WESTCHESTER SURPLUS LINES INSURANCE COMPANY
      THROUGH THE SECRETARY OF STATE

GREETINGS:

   Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.
   You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
   This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 7, 2020.**



*Hope Michell*
Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: ANDRISHOK, JOHN T
                     (225) 346-8049

*The following documents are attached:
PETITION FOR BREACH OF CONTRACT, DAMAGES, PENALTIES, AND DECLARATORY JUDGMENT, REQUEST FOR NOTICE

SERVICE INFORMATION:

Received on the ____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as follows:
PERSONAL SERVICE: On the party herein named at _____
DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____
SECRETARY OF STATE: By tendering same to the within named, by handing same to _____
DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named party through the _____ or his domicile, or anyone legally authorized to represent him.
RETURNED: Parish of East Baton Rouge, this ____ day of _____, 20____

I made service on the named party through the Office of the Secretary of State on

SERVICE: $_____
MILEAGE $_____
TOTAL: $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

DEC 1 1 2020
by tendering a copy of this document to
KATHY DARDEN

CITATION-2000

DY. E. CUMMINS #1155
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

RETURN COPY


D5478284

# CITATION

**BOB DEAN ENTERPRISES, INC AND BR FLORIDA STREET PROPERTY, LLC**
(Plaintiff)

NUMBER C-702310  SEC. 24

VS

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

**WESTCHESTER SURPLUS LINES INSURANCE COMPANY**
(Defendant)

STATE OF LOUISIANA

TO:   WESTCHESTER SURPLUS LINES INSURANCE COMPANY
      THROUGH THE SECRETARY OF STATE

GREETINGS:

   Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.
   You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
   This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 7, 2020.**

*Hope Michell*
Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: ANDRISHOK, JOHN T
                     (225) 346-8049

*The following documents are attached:
PETITION FOR BREACH OF CONTRACT, DAMAGES, PENALTIES, AND DECLARATORY JUDGMENT, REQUEST FOR NOTICE

**SERVICE INFORMATION:**

Received on the ____ day of _____, 20___ and on the _____ day of _____, 20____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.
**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.
**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____
**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named the named party through the _____ I made service on _____ or his domicile, or anyone legally authorized to represent him.        Office of the Secretary of State on
**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20__

SERVICE:$_____
MILEAGE$_____                    _____  DEC 1 1 2020
TOTAL: $_____                    Deputy Sheriff       by tendering a copy of this document to
                                   Parish of East Baton Rouge      KATHY DARDEN
                    CITATION-2000                         DY. E. CUMMINS #1155
                                                          Deputy Sheriff, Parish of East Baton Rouge, Louisiana

RETURN COPY


D5478284

## CITATION

BOB DEAN ENTERPRISES, INC AND BR
FLORIDA STREET PROPERTY, LLC
(Plaintiff)

NUMBER C-702310   SEC. 24

19th JUDICIAL DISTRICT COURT

VS

PARISH OF EAST BATON ROUGE

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY
(Defendant)

STATE OF LOUISIANA

TO:   WESTCHESTER SURPLUS LINES INSURANCE COMPANY
      THROUGH THE SECRETARY OF STATE

GREETINGS:

    Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.
    You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
    This citation was issued by the Clerk of Court for East Baton Rouge Parish on **DECEMBER 7, 2020.**

*Hope Michell*
Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: ANDRISHOK, JOHN T
    (225) 346-8049

*The following documents are attached:
PETITION FOR BREACH OF CONTRACT, DAMAGES, PENALTIES, AND DECLARATORY JUDGMENT, REQUEST FOR NOTICE

SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as follows:
PERSONAL SERVICE: On the party herein named at _____
DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____
SECRETARY OF STATE: By tendering same to the within named, by handing same to _____
DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named party through the named party through the _____ or his domicile, or anyone legally authorized to represent him. I made service on the named party through the Office of the Secretary of State on
RETURNED: Parish of East Baton Rouge, this _____ day of _____,

SERVICE: $_____
MILEAGE $_____
TOTAL:   $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

DEC 1 1 2020
by tendering a copy of this document to
KATHY DARDEN

CITATION-2000

DY. E. CUMMINS #1155
Deputy Sheriff, Parish of East Baton Rouge, Louisiana