UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BOB DEAN ENTERPRISES, INC., ET AL.                CIVIL ACTION

VERSUS                                             NO. 21-28-JWD-RLB

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY

### ORDER

Before the Court is Plaintiffs' Motion to Compel Pursuant to Federal Rules of Civil Procedure 37. (R. Doc. 27). No timely opposition has been filed. (R. Docs. 33 and 34). Accordingly, the motion is unopposed.

**I.   Background**

Bob Dean Enterprises, Inc, and BR Florida Street Property, LLC ("Plaintiffs") initiated this action with the filing of their "Petition for Breach of Contract, Damages, Penalties, and Declaratory Judgment" in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana on December 3, 2020, against their commercial property insurer, Westchester Surplus Lines Insurance Company ("Defendant"). (R. Doc. 1-1). According to Plaintiffs, their insured property incurred damages as a result of theft, vandalism, and water damage, which are covered under their insurance policy (the Policy") with Defendant. Defendant, however, failed to submit insurance proceeds to Plaintiffs in accordance with the terms of the Policy.

Plaintiffs filed the instant Motion to Compel on August 11, 2022. (R. Doc. 27).

On August 22, 2022, Defendant filed a Consent Motion to Continue Opposition Deadline for the Pending Motions to Compel. (R. Doc. 33). On August 23, 2022, the Court granted the motion and extended the deadline to file oppositions to August 29, 2022 "to provide the parties additional time to resolve the motions without court intervention." (R. Doc. 34).

While the Court provided various other relief since that time, and it appears that the parties resolved several other discovery disputes, the instant motion remains pending and no opposition was filed.

## II. Law and Analysis

### A. General Legal Standards for Discovery

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra*

*Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party must respond or object to an interrogatory or request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.     Analysis**

On April 23, 2021, Plaintiffs propounded requests for admission, interrogatories, and requests or production of documents upon Defendant. (R. Doc. 27-2).

On June 14, 2021, Defendant submitted responses to Plaintiffs' discovery requests. (R. Doc. 27-3).

On December 28, 2021, the parties participated in a discovery conference to discuss certain deficiencies with respect to Defendant's discovery response, including Interrogatory Nos. 7, 8 and 10 and Request for Production Nos. 5, 6, and 7.[1] (R. Doc. 27-5). During the conference, Defendant stated that it would review its Answers to Interrogatory Nos. 7 and 10 and Responses to Requests for Production Nos. 5 and 6 to determine if supplemental responses will be provided. (R. Doc. 27-5 at 1). Defendant, however, expressed that it would not supplement its answer to Interrogatory No. 8. With respect to Request for Production No. 7, Plaintiffs agreed to limit their request to a time period of "January 8, 2020, to present." (R. Doc. 27-5 at 1). Plaintiffs indicated

---

[1] It appears that these were mistakenly numbered and referred to as RFP Nos. 1, 2, and 3 in the correspondence.

that they would file a motion to compel if supplemental responses were not received by December 31, 2021. (R. Doc. 27-5 at 1).

On August 11, 2022, having still not received Defendant's supplemental responses, Plaintiff filed the instant Motion to Compel. The Motion to Compel is accompanied by a Rule 37(a)(1) certificate. Plaintiffs' motion seeks an order compelling supplemental responses to Interrogatory No. 7 and Request for Production Nos. 5, 6, and 7. As noted earlier, the Court extended Defendant's deadline to respond to Plaintiffs' Motion to Compel until August 29, 2022. (R. Doc. 34). The purpose of this extension was to provide the parties an opportunity to resolve the motion without Court intervention. To date, Defendant has not filed an opposition to Plaintiffs' Motion to Compel. Nor have Plaintiffs withdrawn their motion.

Below are the specific discovery requests and responses at issue:

**INTERROGATORY NO. 7**

Identify by name, address and position all employees of Westchester who were in any way involved with the adjustment of the Insureds' Claim.

**ANSWER TO INTERROGATORY NO. 7**

Westchester objects to Interrogatory No. 7 on grounds that it is vague as to use of the term "adjustment," overbroad and unduly burdensome as to the use of phrase "in anyway involved with," and is unlimited in time or scope. Westchester further objects on the grounds that this Interrogatory seeks information that does not relate in any way to Plaintiffs' claims or Westchester's defenses in this matter and is not proportional to the needs of this particular case. It is virtually impossible for Westchester to identify "all employees of Westchester who were in any way involved with the adjustment of the Insureds' Claim." Westchester also objects to this Interrogatory to the extent it seeks confidential employment information.

Subject to and without waiving these objections, Westchester responds that it retained Engle Martin & Associates ("Engle Martin") as independent adjusters to assist with the adjustment of the Insureds' claim for damages. Neither Engle Martin nor its employees are employees of Westchester. Westchester further responds:

Michael P. Griffin

Sr. Claim Director
Complex & Multinational Property Claims
Chubb North American Claims
One Beaver Valley Rd., Suite 4E
Wilmington, DE 19803.

## REQUEST FOR PRODUCTION NO. 5

Please produce copies of all contracts, subcontracts or purchase orders issued or entered into by Westchester in connection with the adjustment of the Claims pertaining to the Insured Premises.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Westchester objects to Request for Production No. 5 on the grounds that it is overbroad and vague in its use of the phrase "in connection with." Westchester further objects to this Request on the grounds that it seeks information that does not relate in any way to Plaintiffs' claims or Westchester's defenses in this matter and is not proportional to the needs of this particular case. Westchester's contractual relationships with third parties aside from the Insured are not at issue in this litigation, and Plaintiffs' Request is not sufficiently limited to the claim(s) that form the basis of the allegations set forth in their Petition for Damages.

## REQUEST FOR PRODUCTION NO. 6

Please produce all documents pertaining to invoices received or payments made to third parties in connection with the adjustment of the Claim.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Westchester objects to Request for Production No. 6 on the grounds that it is overbroad, unlimited in time and scope, and vague in its use of the phrase "in connection with." Westchester further objects to this Request on the grounds that it seeks information that does not relate in any way to Plaintiffs' claims or Westchester's defenses in this matter and is not proportional to the needs of this particular case. Westchester's contractual relationships with third parties aside from the Insured are not at issue in this litigation, and Plaintiffs' Request is not sufficiently limited to the claim(s) that form the basis of the allegations set forth in their Petition for Damages.

## REQUEST FOR PRODUCTION NO. 7

Please produce all handbooks, manuals or other documents which contain Westchester or Chubb's claims handling practices or procedures.

**REPONSE TO REQUEST FOR PRODUCTION NO. 7**

Westchester objects to Request for Production No. 7 on the grounds that it is overbroad, unduly burdensome, and unlimited in time and scope. Westchester further objects to this Request on the grounds that it seeks information that does not relate in any way to Plaintiffs' claims or Westchester's defenses in this matter and is not proportional to the needs of this particular case. Westchester also objects to this Request to the extent it seeks documents that may contain confidential and/or proprietary business information.

Essentially, Defendant objects to each of the foregoing requests on grounds that they are overbroad, unduly burdensome, unlimited in time and scope, and disproportional to the needs of the case. The Fifth Circuit considers such conclusory, boilerplate objections to be insufficient. *See McLeod, Alexander, Powel and Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990). Indeed, a party is considered to have waived their objections when it asserts boilerplate objections based upon relevance, over breadth unduly burdensomeness, or any other objection unrelated to privilege. *Aubin v. Columbia Casualty Co.,* No. CV 16-290-BAJ-EWD, 2017 WL 1682661, at *8 (M.D. La. Apr. 25, 2017) ("The Court finds such boilerplate language does not suffice to assert a valid objection to Plaintiffs' outstanding discovery request under *McLeod*. Thus, the Court finds that the general rule applies here, and Defendants have waived their objections…based upon relevance, over breadth, unduly burdensomeness, or any other objection unrelated to privilege.").

Additionally, the Court finds that the foregoing discovery requests seek information within the scope of discovery. Particularly, Interrogatory No. 7 seeks information regarding persons with relevant information to the adjustment of Plaintiffs' claim. It appears that Defendant has in its possession the information sought by Plaintiffs. (*See* R. Doc. 27-4) (suggesting that Defendant should be able to easily identify its employees that assisted with the adjustment of Plaintiffs' claim because "[a] simple review of the emails that [Defendant] produced reveals additional [Defendant] employees."). The Court agrees that a good faith inquiry

and review of the claims file, as well as correspondence (such as emails), would require minimal effort to identify any other employees involved in the adjustment of the claim. While there could be others involved that are not identified, at a minimum Defendant could provide the steps taken and documents reviewed to identify any such individuals. Nevertheless, Defendant refuses to produce same on the grounds that the request is unduly burdensome. As stated above, this boilerplate objection is insufficient to relieve Defendant from providing the information requested. Accordingly, Defendant must supplement its response to provide the names, addresses, and positions of all employees involved with the adjustment of Plaintiffs' claim.

With respect to Requests for Production No. 5 and 6, the Court finds that the information sought is directly related to Plaintiffs' insurance claim. Plaintiffs specifically allege that the Policy specifies "limits of Ten Million Dollars ($10,000,000) per loss event and also includes various sub-limits for particular sub-sets of damages." (R. Doc. 1-1 at 3-4). Additionally, it "provides that the loss amount will not exceed the lesser of:" 1) the cost of repair; 2) the cost to rebuild or replace on the same site with new materials of like, size, kind, and quality; and 3) if not repaired, replaced, or rebuilt on the same or another site withing two years from the date of loss at Actual Cash Value. (R. Doc. 1-1 at 4).

Defendant, however, submitted insurance payments to Plaintiffs for less than the Policy limits with no explanation as to methodology used to determine the amount of payment. Accordingly, the requested documents give insight into the methodology used by Defendant to determine the amount it would pay Plaintiffs for their loss. They also, as Plaintiffs' contend, are relevant to Plaintiffs' bad faith claims, as they may provide information as to "the motivations of the adjuster assigned to the claim and the scope of work of the assigned adjusters." (R. Doc. 27-1 at 6).

Defendant, therefore, must produce (1) all contracts, subcontracts or purchase orders issued or entered by Defendant in connection with the adjustment of the Plaintiffs' insurance claim and (2) all documents pertaining to invoices received or payments made to third parties in connection with the adjustment of Plaintiffs' insurance claim.

Finally, with respect to Request for Production No. 7, as stated, the Court finds that it is overly broad and seeks irrelevant information. Accordingly, the Court limits Request for Production No. 7 to claims handling manuals, handbooks, policies, or procedures that establish the procedures for adjusting claims under commercial property policies similar to the one at issue and that would have applied during the adjustment of Plaintiffs' claims from to January 9, 2020, to present.

The Court notes that some of the above referenced discovery could contain confidential business information. Indeed, the Status Report submitted by the parties indicated that "A Protective Order will be sought for the production and duplication of confidential and otherwise private financial information." (R. Doc. 6 at 6). No protective order has been sought or entered by the Court. Should a protective order be sought, the parties are to confer in an attempt to agree to such terms. The parties are also reminded that regardless of any designation of documents exchanged in discovery as "confidential" pursuant to a Protective Order, the Court will apply a "stricter balancing standard" to determine whether any documents may be filed into the record under seal. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416-421 (5th Cir. 2021).

### III.   Conclusion

**IT IS ORDERED** that Plaintiffs' Motion to Compel Pursuant to Federal Rules of Civil Procedure 37 (R. Doc. 27) is **GRANTED IN PART** as set forth above. Defendant must provide

responses to Interrogatory No. 7 and Requests for Production Nos. 5, 6, and 7 no later than **14 days** from the date of this Order. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on October 24, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**